■ ARC ELECTRICAL CONSTRUCTION CO., INC., Appellant, v. CITY OF NEW YORK, Respondent.— Order and judgment, Supreme Court, New York County, entered respectively January 19, 1973 and February 6, 1973, each unanimously reversed, on the law, the judgment vacated, and the complaint reinstated, with permission to defendant-respondent to answer as hereinafter directed, with $60 costs and disbursments to abide the event. Plaintiff-appellant contractor sued defendant-respondent city for damage allegedly flowing from the citys' interference with plaintiff's performance under a contract. The agreement provided that any action thereon was required to be instituted within one year after filing of the final payment voucher. Filing took place on May 7, 1970; this action was commenced more than a year thereafter. Defendant moved to dismiss on the basis of the contractual limitation. Special Term sustained that claim and directed dismissal despite plaintiff's allegations of

active and detailed negotiations between the parties concerning disputed figures and performance, inclusive of a payment claimed to have been partial adjustment, and said by plaintiff to constitute conduct which would estop the city from enforcing the limitation. (See *Planet Constr. Corp.* v. *Board of Educ. of City of N. Y.,* 7 N Y 2d 381; *Debes* v. *Monroe County Water Auth.,* 16 A D 2d 381.) We hold that there is an issue of fact on this score, not susceptible of resolution on the papers before us but requiring a trial. Accordingly, defendant may interpose an answer to the complaint, within 10 days after service of a copy of the order to be entered hereon, which shall plead the defense relied on in the motion, so that the claim of estoppel relating thereto may be tried out, after completion of pretrial procedures, separate and apart from all other issues. Defendant may, if so advised, plead any other available defense, including statutory limitation. Concur — Markewich, J. P., Kupferman, Steuer, Tilzer and Lane, JJ.